**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN LEE PARIS,

Defendant-Appellant.

No. 04-3283

(D. of Kan.)

(D.C. No. 03-CR-40031-RDR)

**ORDER AND JUDGMENT** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Martin Lee Paris appeals the 180-month sentence the district court imposed

after he pled guilty to one count of bank robbery in violation of 18 U.S.C.

§ 2113(a). Specifically, Paris claims the district court violated his Sixth

Amendment rights when it enhanced his sentence based on prior convictions

because they were neither admitted nor found by a jury beyond a reasonable

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

doubt.  Taking jurisdiction pursuant to 28 U.S.C. § 1291, we find Paris waived his right to appeal and dismiss the appeal.

Paris entered into a plea agreement whereby he

> knowingly and voluntarily waiv[ed] any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence. . . . [He also] waive[d] the right to appeal the sentence imposed in this case except to the extent, if any, the court depart[ed] upwards from the applicable sentencing guideline range determined by the court.

ROA Vol. 1; Tab 59.  To ascertain whether this appellate wavier should be enforced, we use the three-prong approach set forth in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).  Thus, we must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.*

First, this appeal is within the scope of the waiver.  The district court did not "depart upwards."  The district court not only sentenced Paris within the "applicable sentencing guideline range," but also imposed an alternative sentence due to the uncertainty of the legal landscape at the time of sentencing.[1]  Second, Paris knowingly and voluntarily waived his right to appeal as evidenced by the

---

[1]  While Paris's case and sentence were being decided, the Supreme Court heard arguments in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  Since then, the Court has not only handed down *Blakely*, but also *United States v. Booker*, 125 S. Ct. 738 (2005).

language of the plea agreement and the Petition To Enter Plea Of Guilty And Order Entering Plea. Finally, enforcing the waiver would not result in a miscarriage of justice because neither of the district court's alternative sentences violate *United States v. Booker*, 125 S. Ct. 738 (2005), due to the fact that the only challenged enhancement is based on a prior conviction. *See Booker*, 125 S. Ct. at 756 (reaffirming the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that a court does not violate a defendant's Sixth Amendment rights when it determines the fact of prior conviction).

Therefore, we find Paris waived his right to appeal his sentence. As a result, we dismiss the appeal. We also deny the government's Motion to Dismiss Appeal Because of Supervening Change of Law or Mootness.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge